**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                           **Case No. 2:14-cv-22847**

**JOHN F. THRELKELD,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On July 11, 2014, United States of America (hereinafter "Plaintiff") filed a Complaint For Federal Taxes against John F. Threlkeld, acting pro se, (hereinafter "Defendant") (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. Sec. 636(b)(1)(B). Pending before the court is defendant's Motion to Dismiss (ECF No. 6). For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss be **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 27, 2012, an Administrative Summons was issued and served on the Defendant on June 29, 2012[1], ordering him to appear on July 12, 2012 before a Revenue Officer in Bridgeport, West Virginia, to testify and produce documents regarding his assets, liabilities or accounts for the period between June 1, 2011, through June 15, 2012. The Defendant appeared,

---

[1]The Administrative Summons was served on the Defendant by leaving it at the last and usual place of abode in accordance with 26 U. S.C. Sec. 7603(a) and 7609(a).

but refused to supply the testimony and produce documents described in the Summons. This matter was rescheduled for August 7, 2012. The Defendant did not appear and failed to comply with the Summons.

On August 21, 2012, Plaintiff filed a Petition of the United States of America to Enforce an Internal Revenue Service Administrative Summons against the Defendant. Plaintiff asserted the Defendant was the subject of an IRS investigation concerning his liability for taxes imposed by the Internal Revenue Code. Plaintiff was investigating and attempting to collect Defendant's federal income taxes for 1998 through 2006. By Order entered on October 18, 2012, Judge Johnston found that the Administrative Summons should be enforced and Ordered the Defendant to appear for a hearing on November 15, 2012, to show cause why he should not be compelled to comply with the IRS Administrative Summons. On November 5, 2012, Plaintiff issued an Administrative Summons to Premier Bank seeking information regarding the bank accounts of Margaret L Threlkeld, Plaintiff's wife. On November 6, 2012, the show cause hearing was rescheduled to January 4, 2013. On November 21, 2012, Defendant and Margaret L. Threlkeld, filed a Petition to Quash Third Party Summons.

At the show cause hearing on January 4, 2013, the Defendant agreed to service of a summons by mail and to appear at the Charleston IRS office to comply with the summons. On January 17, 2013, Defendant appeared before the Internal Revenue Service. Defendant refused to answer some of the questions and refused to sign an affidavit prepared by the Revenue Officer[2]. Defendant stated that he was not answering questions which "were irrelevant or impertinent to the Second Summons."

---

[2] Defendant refused to answer questions concerning whether he was a beneficiary of a trust, estate, or life insurance policy; questions relating to his usage of bank accounts, including bank accounts held in some else's name;

On July 11, 2014, the United States filed a Complaint for Federal Taxes (ECF No. 1).  By separate Orders entered on October 7, 2014, *United States of America v. John F. Threlkeld*, Misc. No. 2:12-mc-00130, *John F. Threlkeld and Margaret L. Threlkeld v. United States*, Misc. 2:12-mc-00179 and *United States of America v. John F. Threlkeld*, Civil Action No. 2:14-cv-22847 (ECF. No. 1), each matter was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendations for disposition.  On January 6, 2015, a status conference was conducted in the aforementioned matters and due to the filing of the Complaint for Federal Taxes, the parties agreed to the dismissal of both miscellaneous matters. Proposed Findings and Recommendations have been submitted to the Honorable Thomas E. Johnston, United States District Judge, recommending dismissal of both matters.

In the Complaint For Federal Taxes, Plaintiff alleges various assessments against Taxpayer (Defendant) for unpaid federal income tax, penalties, and interest relating to the taxable years of 1998 through 2002, and 2004 through 2006, as well as the penalties assessed against the Taxpayer (Defendant) under Section 6702 of the Internal Revenue Code for the years 1998 through 2005 and 2007 for filing frivolous returns with the Internal Revenue Service (ECF No. 1, Par.6).  Further, Plaintiff asserts that as a result of the tax assessments, the Defendant has failed to pay full amounts due and owing to the United States (*Id.*, Par. 9).

**<u>STANDARD OF REVIEW</u>**

The Defendant's motion asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted against him and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

questions regarding whether he maintains any credit accounts, or uses any in another person's name; and whether he had transferred any assets in the past 10 years for less than full value.

In *Bell Atlantic Corp v. Twombly*, 550 U. S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly in Ashcroft v. Iqbal*, 556 U. S. 662 (2009), a civil rights case. The Court wrote:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.***

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more that conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. 556 U. S. at 678-79.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

The Defendant's motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly* standard.

## ANALYSIS

On November 19, 2014, Defendant filed a Motion to Dismiss Complaint (ECF No. 6), Defendant's Memorandum in Support of Motion to Dismiss (ECF No. 7) and Defendant's Reply Memorandum in Support of Motion to Dismiss (ECF No. 11).   The motion asserts that the Plaintiff's Complaint should be dismissed for the following reasons:  (1) the Complaint fails to state a claim upon which relief may be granted; (2) that the civil penalties assessed are well after the three (3) years by which assessments must be made under 26 U.S.C. Sec. 6501(a); and (3) that the Complaint fails to allege any facts to support a claim of liability for civil penalties under 26 U.S.C. Sec. 6702.  The undersigned will address each argument.

A.  Failure to State a Claim

The Defendant asserts that the complaint is defective because it fails to state a claim upon which relief may be granted.   Defendant asserts that the complaint fails to give fair notice of the nature and basis of the claim against him and fails to show that the pleader is entitled to relief – however, it pleads specific, detrimental facts that affirmatively preclude all legal relief. Therefore, under Federal Rules of Civil Procedure Rule 12(b)(6), the complaint must be DISMISSED. (ECF No. 7).  A motion to dismiss under Fed. R. Civ. P 12(b)(6) is a test of the legal sufficiency of a complaint. *Garcia v. Teledyne Energy Systems, Inc*., 2012 WL 4127878 (D. Md., Sept. 19, 2012); (citing *Edwards v. City of Goldsboro*, 178 F. 3d 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

Plaintiff is seeking to collect an indebtedness, plus penalties, interest, and statutory additions from the Defendant for unpaid federal income taxes and filing of frivolous returns with the Internal Revenue Service (hereinafter IRS).   Plaintiff asserts that the Secretary of the Treasury made various assessments against the Defendant for unpaid federal tax, penalties and interest as well as penalties assessed for filing frivolous returns. (ECF No. 1).   The Plaintiff further asserts that the IRS gave the Defendant proper notice and demand for the payment as a result of the tax assessments.   Defendant has failed to pay any amounts to the Plaintiff as a result of the tax assessments.

In Defendant's Memorandum in Support of Motion to Dismiss (ECF No. 7), Defendant states   the allegations set forth in the complaint are insufficient and do not rise to the level of plausible.   Defendant asserts that unpaid federal income tax, penalties, and interest were assessed for taxable years 1998 through 2002, and 2004 through 2006 and the civil penalties assessed for tax returns filed for tax years 1998 through 2005 and 2007 are well after the three (3) years by which assessments must be made under 26 U.S.C. § 6501(a). Defendant asserts that because these tax assessments were outside of the statute of limitations, the complaint fails to state a claim upon which this court may grant relief. (*Id.*, p.4).   Defendant also asserts that the IRS may only assess one civil penalty on each person who files a frivolous return in a given year[3] and the complaint alleges that two civil penalties were assessed against Defendant for each tax years 2004, 2005 and 2007. (*Id.*, p. 6).   Again, it is Defendant's position that Plaintiff has alleged no facts to support a plausible claim and that the complaint fails to state a claim upon which relief may be granted and must be dismissed.

---

[3] 26U.S.C. Sec. 6702(a).

As noted by the Plaintiff in its Response to Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 10), a complaint must allege "enough factual matter (taken as true) to suggest" an entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  This requirement does not impose a duty to provide "detailed factual allegations. "  *Id.* at 555, and a motion to dismiss for failure to state a claim must be denied where the alleged facts "show that [the] claim has substantive plausibility."  *Johnson v. City of Shelby*, Miss., 135 S. Ct. 346, 347 (2014).

After several unsuccessful attempts to ascertain and collect federal taxes from the Defendant, the United States instituted this civil action to collect unpaid federal income taxes, penalties, interest and statutory additions.  Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F. 3d 186 (4th Cir. 2009).  One of the basic requirements for pleading a proper complaint is to assure that the Defendant is given adequate notice of the nature of the claim.  Specific facts are unnecessary- the statement need only give the defendant fair notice of the claim and the grounds upon which it rests. *Virtusio v. Financial Industry Regulatory Authority Long Term Disability Income Plan*, 2012 WL 5389918 (N. D. Cal.), *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

Similar challenges were denied when a Defendant filed a Motion to Dismiss against the Internal Revenue Services in Illinois.  The United States District Court of Central Illinois held that "The Government has alleged that an assessment for deficiencies in taxes were made, notice and demand was sent, the Barringers [Defendants] failed to pay the deficiencies and a tax lien

attached to the properties. This is sufficient to state a claim. *United States v. Jerold W. Barringer et al.*, No. 3:14-cv-03132 (C.D. Ill. August 27, 2014) citing *United States v. Zabka*, No. 10-1078, 2010 WL 2985356, at *2 (C.D. Ill. July 27, 2010).

In the present case, the fact that Defendant was served with an Administrative Summons and appeared on two occasions to supply testimony and produce documents is evidence that Defendant had adequate notice of the nature of the claim being made against him. Defendant appeared on July 12, 2012, and refused to supply testimony and documents described in the Summons. On August 7, 2012, Defendant did not appear. On January 17, 2013, Defendant appeared and entered his answers onto a prepared affidavit and during the interview, refused to answer some of the questions asked by the Revenue Officer; a week later, Defendant sent a signed declaration to the Revenue Officer providing answers to some of the questions he refused to answer at the January 17th interview.

B. Civil Penalties Assessed are After the Three (3) Year Statute of Limitations

The Defendant asserts that the dates of the alleged assessments from 1998, 1999, 2000, 2001, 2004, 2005 and 2006 are well after the three (3) years by which assessments must be made under 26 U.S.C. Sec. 6501(a) (ECF No. 7). Plaintiff responded by asserting that the tax assessments for the years previously stated were not subject to a three (3) year statute of limitations because the taxpayer never filed a valid tax return (ECF No. 10).

An "assessment" amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes.[4] It is well established in the tax law that an

---

[4] The Internal Revenue Code says that the IRS, as delegate of the Secretary of Treasury, "is authorized and required to make the inquiries, determinations and assessments of all taxes… which have not been duly paid…" 26 U.S.C. § 6201(a).

assessment is entitled to a legal presumption of correctness- a presumption that can help the Government prove its case against a tax payer in court. See, *e.g., United v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); *Palmer v. IRS*, 116 F.3d 1309, 1312 (C.A.9 1997); *Psaty v. United States*, 442 F.2d 1154, 1160 (C.A.3 1971); *United States v. Lease*, 346 F.2d 696, 700 (C.A.2 1965).

The three (3) year statute of limitations in section 6501(a) does not apply in cases where the taxpayer fails to file a valid tax return.  The general rule, as set forth by the Supreme Court in *Dupont DeNemours & Co. v. Davis*, 264 U.S. 456, 44 S.Ct. 364, 68 L.Ed. 788 (1924), is that "[a]n action on behalf of the United States in its governmental capacity… is subject to no time limitation, in the absence of congressional enactment clearly imposing it." *Id.* at 462, 44 S.Ct. at 366 (citations omitted); *United States v. Weintraub*, 613 F.2d 612, 619 (6th Cir. 1979)(court stating that "[w]hile the general rule… is that the sovereign is exempt from the operation of statutes of limitations, an exception to that general rule existing when the sovereign (through the legislature) expressly imposes a limitation period upon itself")(citations omitted.)  If a statute of limitations is sought to be applied against the United States, the statute of limitations must receive a strict construction in favor of the government.  *Badaracco v. Commissioner*, 464 U.S. 386, 104 S.Ct. 756, 764, 78 L.Ed.2d  549 (1984) (quoting *Dupont DeNemours & Co.*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)).

In the present case, Defendant never filed a valid return which would have triggered the running of the three-year limitations on making tax assessments. When a taxpayer submits a tax return or other paper that does not contain sufficient data to allow the Internal Revenue System to calculate the tax liability, or is not an honest or reasonable attempt to satisfy the requirements of the tax laws, the filing does not constitute a return.  *See In re Moroney*, 352 F.3d 902, 904-5

(4th Cir. 2003).  During the tax years at issue in this case, Defendant filed papers with the Internal Revenue Service claiming "zero" income and listed "The Fiction: John F. Threlkeld," to assert that he was not a real person within the meaning of the Internal Revenue Code (See Declaration by Richard J. Hagerman with the Tax Division of the United States Department of Justice, ECF No. 10-1). Therefore, Defendant's filings did not contain sufficient data to permit the Internal Revenue Service to calculate his tax liability and the filings did not constitute returns for the purpose of triggering the three (3) year limitations period.  *See In re Moroney*, 352 F.3d at 904-5.

The three (3) year statute of limitations contained in section 6501(a) does not apply in cases where the taxpayer fails to file a valid tax return.  The Internal Revenue Code permits assessments outside of the three (3) year statute of limitations in cases involving: (1) false tax returns and (2) willful attempts to defeat or evade taxes.  See I.R.C. § 6501(c) (describing exceptions).  In such cases, as well the present case, the tax may be assessed "at any time."  *Id.*

C.    The Penalty Assessments and Tax Assessments Fall Outside of the Statute of Limitations for Tax Years 1998 Through 2002, Thereby Failing to State a Claim Upon Which This Court May Grant Relief.

Defendant asserts that the complaint is deficient because it alleges facts that are detrimental to the claim and tend to show that the pleader is not entitled to the relief it seeks (ECF No. 7).  Defendant argues that the complaint alleged two civil penalties which were assessed against defendant for each of tax years 2004, 2005 and 2007.  Defendant asserts that by law the Internal Revenue Services may assess one civil penalty on each person who files a frivolous return in any given year.  26. U.S.C. § 6702(a).  Defendant further asserts that the complaint fails to state a claim upon which relief may be granted.  (*Id.*)

Plaintiff asserts that United States government is not precluded from assessing multiple penalties against a taxpayer for multiple frivolous filings in any given year (ECF No. 10).

10

Defendant's argues in his Reply Memorandum that Plaintiff's argument is "meritless" (ECF No. 11).  Defendant asserts that 26 U.S.C. § 6702(a) does not contemplate more than one penalty per "person" per qualifying return.

In *Sage v. United States*, 908 F.2d 18 (5th Cir. 1990), the Court held that the three (3) year statute of limitations contained in Section 6501(a) does not apply to the assessment of Section 6700 penalties.  *Id.* at 25.  The Fifth Circuit in Sage held that "[j]ust as with other provisions of the Code enacted to combat fraud no limitations period exists for assessment of a Section 6700 penalty, and consequently no period of limitations is 'properly applicable thereto.'"  The Court stated that "[n]othing in the Code cuts down the power of Section 6700, that the Section's concentration on capturing transactional fraud whenever occurring removes it from the stolid tax-return dependent world of Section 6501(a), and that, in any event… it is not self-evidence when the limitations period should begin to run."  Courts have held that assessments under Section 6700 were not barred by a statute of limitations.  *Agbanc, Ltd. V. United States*, 707 F.Supp. 423, 426 (D.Ariz. 1988).   The absence of an express limitations period and the fact that Sections 6700 and 6701 are anti-fraud provisions has lead multiple courts to conclude  that Congress intended that penalties can be assessed pursuant to Sections 6700 and 6701 at any time. *Mullikin v. United States*, 952 F.2d 920, (Sixth Cir., December 30, 1991) See *Kuchan v. United State,s* 679 F. Supp. 764 (N.D. Ill. 1998).

### RECOMMENDATION

Based upon the Proposed Findings contained herein, it is respectfully RECOMMENDED that the presiding District Judge DENY the Defendant's Motion to Dismiss (ECF No. 6) and dismiss this matter from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

Enter:  April 3, 2015.

Dwane L. Tinsley
United States Magistrate Judge