IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.              CIVIL ACTION NO.  2:14-cv-22847

JOHN F. THRELKELD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss Complaint (the "Motion"). (ECF No. 6.) On October 7, 2014, the Court referred this action to United States Magistrate Judge Dwane L. Tinsley for pretrial management and submission of proposed findings of fact and recommendations for disposition. (ECF No. 4.) On April 3, 2015, Magistrate Judge Tinsley filed a proposed findings and recommendation for disposition (the "PF&R"), in which he recommends that the Court deny the Motion. (ECF No. 13.) Defendant filed timely objections to the PF&R (the "Objections") on May 4, 2015, (ECF No. 16), and Plaintiff filed a responsive briefing to the Objections on June 4, 2015,[1]  (ECF No. 19).

---

[1] On June 17, 2015, Defendant filed a Motion for Leave, in which he "moves for leave to file" a reply brief in support of the Objections. (ECF No. 21.) The Court finds that the Objections and Plaintiff's response to the Objections is sufficient to rule on the Motion and the PF&R. *Cf. In re St. Paul Travelers Sec. Litig. II*, Civil No. 04-4697(JRT/FLN), 2007 WL 1424673, at *1 (D. Minn. May 10, 2007) (denying the defendants' motion for leave to file a reply in support of their objections to the magistrate judge's proposed findings and recommendation because "[t]he briefing currently before the [c]ourt [was] sufficient to assess the merits" of the issue). *See generally* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Accordingly, the Court **DENIES** Defendant's Motion for Leave. (ECF No. 21.)

For the reasons provided herein, the Court **OVERRULES** the Objections, (ECF No. 16), **ADOPTS** the PF&R, (ECF No. 13), to the extent it is consistent with this Memorandum Opinion and Order, and **DENIES** the Motion, (ECF No. 6).

### *I. Background*

This case is an action by the United States to recover allegedly delinquent taxes from Defendant. Plaintiff filed the Complaint in this Court on July 11, 2014. (ECF No. 1.) In the Complaint, Plaintiff alleges that it "brings this action to collect the unpaid federal income tax liabilities" of Defendant "at the request of the Chief Counsel of the Internal Revenue Service" (the "IRS"), "a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States." (*Id.* at 1.)

According to the Complaint, "[a] delegate of the Secretary of the Treasury made various assessments against [Defendant] for unpaid federal income tax, penalties, and interest relating to the taxable years of 1998 through 2002, and 2004 through 2006." (*Id.* ¶ 6.) The Complaint further alleges that Defendant owes "penalties assessed against [Defendant] under Section 6702 of the Internal Revenue Code for the years 1998 through 2005 and 2007 for filing frivolous returns with the [IRS]." (*Id.*) The Complaint provides the specific amount of each assessment, the assessment date, the applicable tax year, and the "type"―"1040" or "Civil Penalty." (*Id.*) The Complaint also avers that Plaintiff owes two civil penalties for the calendar years 2004 ($500 and $5,000), 2005 ($500 and $5,000), and 2007 ($5,000 and $5,000). (*Id.*)

The Complaint alleges that the IRS "gave [Defendant] proper notice and demand for the payment of the aforementioned tax assessments," but Defendant "has failed to pay the full amounts due and owing to [Plaintiff] as a result of the tax assessments." (*Id.* ¶¶ 7 & 9.) The Complaint avers

2

that "[s]tatutory additions, penalties, interest, and costs have accrued and will continue to accrue on the tax assessments according to law." (*Id.* ¶ 8.) Finally, the Complaint alleges that, "[a]s of January 13, 2014, [Defendant] was indebted to [Plaintiff] in the amount of $106,021 in connection with the tax assessments described in [the Complaint]." (*Id.* ¶ 10.)

On November 19, 2014, Defendant filed the Motion. (ECF No. 6.) Plaintiff filed its opposition to the Motion on December 3, 2014, (ECF No. 10), and Defendant filed a reply memorandum in support of the Motion on December 15, 2014, (ECF No. 11).

On April 3, 2015, Magistrate Judge Tinsley entered his PF&R, in which he recommends that the Court deny the Motion. (ECF No. 13.) Defendant timely filed the Objections on May 4, 2015, (ECF No. 16), and Plaintiff filed its response to the Objections on June 4, 2015, (ECF No. 19).

As such, the Motion and the PF&R are fully briefed and ready for disposition.

## II. Legal Standard

### A. Review of the PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Id.* In reviewing those portions of the PF&R to which Defendant objected, this Court will consider the

3

fact that Defendant is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**B.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

*III. Discussion*

Defendant objects to the Magistrate Judge's recommendations in the PF&R that the Court should find that (1) the civil penalties asserted in the Complaint are not barred by the three-year statute of limitations in 26 U.S.C. § 6501(a); (2) the Complaint adequately pleads a claim for the reduction of tax assessments to judgment; and (3) the Government may impose more than one civil penalty under 26 U.S.C. § 6702(a) to a single person for returns filed for the same calendar year. (*See* ECF No. 16 at 7–21.) The Court addresses each disputed recommendation, in turn.

**A.     The Statute of Limitations Under 26 U.S.C. § 6501(a)**

Defendant first objects to the Magistrate Judge's finding that the tax assessments alleged in the Complaint are not time barred by the three-year statute of limitations provided in 26 U.S.C. § 6501(a). (ECF No. 16 at 13–19.) The Court agrees with the Magistrate Judge's finding.

It is well-established that "an action on behalf of the United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it." *E. L. Du Pont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924); *see also Allnutt v. Comm'r*, 523 F.3d 406, 412 (4th Cir. 2008) ("It is well established that 'a statute of limitations runs against the United States only when [it] assent[s] and upon the conditions prescribed.'" (quoting *Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 249 (1930))). As such, "[s]tatutes of limitation sought to be applied to bar rights of the Government . . . must receive a strict construction in favor of the Government." *Badaracco v. Comm'r*, 464 U.S. 386, 391 (1984) (citation omitted). This principle is undoubtedly applicable in the context of tax assessments, as "limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government." *Id.* at 392 (citation omitted); *cf. Hull v. United States*, 146 F.3d 235, 238 (4th Cir.

5

1998) ("Moreover, in tax cases and particularly in those involving the construction of limitations statutes, equitable considerations are of limited consequence." (citing *Webb v. United States*, 66 F.3d 691, 694 (4th Cir. 1995))).

"Section 6501(a) sets forth the general rule: a three-year period of limitations on the assessment of tax." *Badaracco*, 464 U.S. at 391; *see, e.g.*, *Williams v. Comm'r*, 498 F. App'x 284, 288 n.4 (4th Cir. 2012) ("Generally, the Commissioner must assess a deficiency within three years of the filing of the tax return from which the deficiency stems." (citing 26 U.S.C. § 6501(a))). Section 6501(a) provides the following, in pertinent part:

> Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer . . . .

However, "the three-year rule . . . explicitly [is] made inapplicable in circumstances covered by § 6501(c)." *Badaracco*, 464 U.S. at 392. "This subsection identifies three situations in which the Commissioner is allowed an unlimited period within which to assess tax." *Id.* These three situations include the following: (1) "a false or fraudulent return with the intent to evade tax;" (2) "a willful attempt in any manner to defeat or evade tax imposed by [the Tax Code];" or (3) a "failure to file a return." 26 U.S.C. § 6501(c)(1)–(3).

As the Magistrate Judge notes, the Complaint alleges that Defendant filed "frivolous" returns in the calendar years at issue. (ECF No. 1 ¶ 6.) The Magistrate Judge found that this allegation is equivalent to an averment that Defendant failed "to file a valid tax return" during the tax years at issue in this case and this failure constituted a "failure to file a return," thereby

triggering the exception to the statute of limitations in Section 6501(c)(3). (ECF No. 13 at 8–10.) The Court agrees.

"The bare act of filing a form 1040 does not constitute a tax 'return.'" *United States v. Smith*, 618 F.2d 280, 281 (5th Cir. 1980). "It is not enough for a form to contain some income information; there must be an honest and reasonable intent to supply the information required by the tax code." *United States v. Mosel*, 738 F.2d 157, 158 (6th Cir. 1984) (citation omitted). Indeed, "[i]n our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information." *United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980). Consequently, the Fourth Circuit noted that "in order for a document to be considered a 'return,' under . . . the tax laws, it must (1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of a tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws."[2] *In re Maroney*, 352 F.3d 902, 905 (4th Cir. 2003) (citing *In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999) and *In re Hatton*, 220 F.3d 1057, 1060–61 (9th Cir. 2000)). If a taxpayer files a "frivolous . . . return that fail[s] to provide 'sufficient data to calculate tax liability' or to reasonably 'attempt to satisfy the requirements of the tax law,'" then that return is "not valid and the limitations period [in Section 6501(a)] would not have begun to run." *Hill v. Comm'r*, 108 T.C.M. (CCH) 12, at *5 (T.C. 2014); *see, e.g.*, *Edwards v. Comm'r*, 680 F.2d 1268, 1269–70 (9th Cir. 1982) ("Tax forms that do not contain information upon which tax liability may be computed are

---

[2] The Court notes that, in *In re Maroney*, the Fourth Circuit provided this same definition of "return" for purposes of the bankruptcy code. As subsequently noted by many courts, Congress adjusted the definition of "return" for purposes of the bankruptcy code when it passed the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005. *See, e.g.*, *In re Fahey*, 779 F.3d 1, 4 (1st Cir. 2015).

7

not returns within the meaning of the Internal Revenue Code . . . and do not activate the statute of limitations.").

In this case, the Complaint alleges that Defendant filed frivolous returns with the IRS during the tax years at issue. (ECF No. 1 at 2.) At this early stage in the litigation and drawing all reasonable inferences based on the Complaint's allegations in Plaintiff's favor, the Court finds that the Complaint adequately pleads that Defendant's tax returns were not "returns," as that term is used in the tax code. As such, the exception to the statute of limitations provided in Section 6501(c)(3) applies and Plaintiff's claim for a reduction of tax assessments to judgment is not time-barred by Section 6501(a). *See, e.g.*, *Hill*, 108 T.C.M. (CCH) 12, at *5.

Furthermore, the Court finds that Defendant's statute of limitations argument fails because Defendant has failed to meet his burden to show that the statute of limitations in Section 6501(a)―which the Court must strictly construe―applies here. "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citations omitted). "It follows, therefore, that a motion to dismiss filed under Federal Rule of [Civil] Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id.* "But in the relatively rare circumstance where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'" *Id.* (alterations

8

in original) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

As discussed at length above, it is not apparent from the face of the Complaint that the statute of limitations in Section 6501(a) precludes Plaintiff's claim. Defendant therefore has failed to meet his burden to show that this statute of limitations is applicable based solely on the face of the Complaint. *See, e.g.*, *id.* (citation omitted). As such, the Court finds that Defendant's statute-of-limitations argument fails.

Accordingly, the Court **OVERRULES** the Objections, insofar as Defendant argues that Plaintiff's claim is time barred by the statute of limitations provided in 26 U.S.C. § 6501(a).[3]

## B. Failure to State a Claim

Defendant next objects to the Magistrate Judge's recommendation that the Complaint adequately states a claim for the reduction of tax assessments to judgment.[4] (*See* ECF No. 16 at 8–12.) The Court disagrees with Defendant's position.

---

[3] Defendant also argues that the penalties provided by 26 U.S.C. § 6702 are similarly barred by the statute of limitations provided in Section 6501(a). (*See, e.g.*, ECF No. 11 at 9–10.) The Court notes that Section 6702 does not explicitly provide for a statute of limitations. *See* 26 U.S.C. § 6702. The Court further notes that some courts have declined to impose a statute of limitations on these penalties. *See United States v. Wright*, NO. CIV–S–94–1183 EJG/GGH, 1994 WL 715870, at *3 (E.D. Cal. Oct. 25, 1994) (discussing the complaint's allegations regarding Section 6702 penalties and stating that "[n]o statute of limitations constrains the I.R.S. to a time period in which it must assess penalties"); *cf. Mullikin v. United States*, 952 F.2d 920, 929 (6th Cir. 1991) (holding that "no statute of limitations applies" to a similar penalty provision in the Tax Code―6701); *O'Brien v. Comm'r*, 104 T.C.M. (CCH) 620, at *8 (T.C. 2012) (collecting cases finding that the limitations period provided in Section 6501(a) does not apply to similar penalty provisions of the Tax Code―Sections 6700 and 6701). *See generally Crites v. Comm'r*, 104 T.C.M. (CCH) 316, at *5 (T.C. 2012) ("Section 6702's purpose―evident from its text―is to deter frivolous submissions that gum up the IRS's work. If we held that the statute of limitations for the Commissioner to penalize frivolous amended returns began to run with the filing of the original return, section 6702 would quickly lose its deterrent effect."). The Court need not reach this issue, however, as the Court finds that the statute of limitations in Section 6501(a) is inapplicable in this case.

[4] The Court notes that Defendant objects to the Magistrate Judge interpreting the Motion as arguing that the claim in the Complaint―the reduction of tax assessments to judgment―fails to state a claim. (*See* ECF No. 16 at 7–8.) Instead, Defendant contends that the Motion asserts, in part, that "the Complaint . . . fails to allege any facts which, if true, would support the claim of liability for penalties under §6702." (*Id.* at 8.) However, the Motion requests dismissal of the entire Complaint, which provides only the above-referenced claim and associated penalties. (*See* ECF No. 7; *see also* ECF No. 16 at 21 (providing Defendant's statement in the Objections that the PF&R "should have recommended

9

"The Internal Revenue Code, 26 U.S.C. § 6321 provides for liens in favor of the United States when a person fail[s] to pay their taxes." *United States v. Moyer*, No. C 07–00510 SBA, 2008 WL 3478063, at *9 (N.D. Cal. Aug. 12, 2008). Section 6321 provides the following:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Generally, "[t]he United States may enforce such liens by three methods: (1) an administrative levy . . . ; (2) simply sue for the unpaid amount, and, on getting a judgment, exercise the usual rights of a judgment creditor . . . ; or (3) proceed to enforce the lien or subject a property to the payment of taxes owed . . . ." *Moyer*, 2008 WL 3478063, at *9 (citations omitted); *cf. United States v. Rodgers*, 461 U.S. 677, 682 (1983) (noting that the United States has "a number of distinct enforcement tools available . . . for the collection of delinquent taxes"). The first method is "administrative" and, "unlike an ordinary lawsuit, . . . does not require any judicial intervention." *Rodgers*, 461 U.S. at 682–83. "In contrast, the second and third methods require the United States to file an action in court." *United States v. Maassen*, No. 04–CV–4112–DEO, 2009 WL 3459202, at *1 (N.D. Iowa Oct. 27, 2009) (citation omitted). "These three methods of enforcing liens for unpaid taxes are independent and distinct." *Moyer*, 2008 WL 3478063, at *9 (citing *Rodgers*, 461 U.S. at 680–83). "The common purpose of this formidable arsenal of collection tools is to ensure

---

dismissal of the Complaint for failure to state a claim").) Thus, the Court finds that the Magistrate Judge was correct in liberally construing the Motion as alleging that the claim in the Complaint―not only the penalties―fails to state a claim under Rule 12(b)(6). *See, e.g.*, *Wassil v. Casto*, Civil Action No. 3:13–06020, 2014 WL 988479, at *2 (S.D. W. Va. Mar. 12, 2014) (stating that a "court must construe pro se filings liberally"). The Court shall correspondingly interpret the Objections―which request dismissal of the Complaint, (*see* ECF No. 16 at 2 (arguing that the Magistrate Judge's recommendations in the PF&R have "nothing whatever to do with the legal sufficiency of the Complaint"))―as arguing that the claim in the Complaint fails to state a claim.

the prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting." *Rodgers*, 461 U.S. at 683 (citation omitted).

In this case, the Government elected the second method—suing to reduce tax assessments to judgment. (*See* ECF No. 1.) *See generally Rodgers*, 461 U.S. at 682 ("The Government may . . . . simply sue for the unpaid amount, and, on getting a judgment, exercise the usual rights of a judgment creditor." (citing 26 U.S.C. §§ 6502(a), 7401, 7402(a))). The Complaint (1) alleges that the Secretary of Treasury "made various assessments" against Defendant; (2) identifies that these assessments are "for unpaid federal income tax, penalties, and interest;" (3) identifies the "taxable years" at issue; (4) provides allegations regarding the specific assessment dates for each assessment; (5) avers the amount of each assessment; and (6) alleges the total amount Defendant "was indebted to the United States" as "of January 13, 2014." (ECF No. 1 at 2–3.) Courts have found that virtually identical allegations are sufficient to state a claim to reduce tax assessments to judgment. *See, e.g.*, *United States v. Dininio*, Civil No. 13–5296 (RBK/JS), 2015 WL 4475916, at *3 (D.N.J. July 21, 2015) (denying the defendant taxpayers motion to dismiss and finding that the complaint stated "a plausible claim for relief" for a reduction of tax assessments to judgment where "it provide[d] [the defendant] with the type of tax assessed against him, the tax periods from which the assessments came, the specific date of each assessment, the amount of each tax assessment, and the [total] amount due"); *United States v. Barringer*, No. 14–3132, 2014 WL 4290335, at *1 & 4 (C.D. Ill. Aug. 28, 2014) (denying the defendant taxpayer's motion to dismiss the plaintiff's claim "to reduce to judgment the outstanding liability for internal revenue taxes . . . and to enforce the associated tax liens" where the complaint "alleged that an assessment for deficiencies in taxes was made, notice and demand was sent, the [defendants] failed to pay the deficiencies, and a tax

lien attached to the properties"); *cf. United States v. Estate of Sabel*, No. C 08–05580 SI, 2009 WL 1636131, at *2 (N.D. Cal. June 9, 2009) (denying the defendant taxpayer's motion to dismiss because, at the motion to dismiss "stage of the proceedings, [the] [c]ourt must accept as true the United States' contention that there is a valid tax assessment against the [defendant] for the years [alleged]"). Accepting Plaintiff's allegations in the Complaint as true, the Court similarly finds that the Complaint states a claim for reduction of tax assessments to judgment sufficient to overcome a motion to dismiss. *Cf. United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness-a presumption that can help the Government prove its case against a taxpayer in court." (citations omitted)). Of course, "[w]hether the United States is able to prove its claim with competent evidence is a question for later stages of this case." *United States v. Wesselman*, No. 05-cv-4152-JPG, 2007 WL 627469, at *3 (S.D. Ill. Feb. 26, 2007).

Accordingly, the Court **OVERRULES** the Objections, insofar as they argue that the Magistrate Judge erred in finding that the Complaint states a viable claim for reduction of tax assessments to judgment.[5]

---

[5] The Court notes that Defendant also argues that the Complaint fails to adequately plead that Defendant owes penalties under 26 U.S.C. § 6702. (*See, e.g.*, ECF No. 7 at 4–5; ECF No. 16 at 8.) The Court finds that this argument is completely without merit. The Complaint alleges that "[a] delegate of the Secretary of the Treasury made various assessments against [Defendant]," including specifically identifying Section 6702. (ECF No. 1 ¶ 6.) The Complaint then provides allegations regarding the relevant tax years, the assessment dates for each penalty, the amounts of each penalty, and that the IRS "gave [Defendant] proper notice and demand for the payment" of the fees. (*Id.* ¶¶ 6–7.) For purposes of the present Motion, the Court finds that these allegations are sufficient to plead that the claim in the Complaint—reducing tax assessments to judgment—includes Section 6702 penalties. *See, e.g.*, *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) ("A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility.").

12

**C.  Multiple Penalties Pursuant to 28 U.S.C. § 6702 for the Same Calendar Year**

Defendant's final objection is to the Magistrate Judge's finding that Plaintiff may assess two penalties against Defendant pursuant to 28 U.S.C. § 6702 for the tax years 2004, 2005, and 2007.[6] (ECF No. 16 at 19–20.) The Court again disagrees with Defendant's position.

"Pursuant to 26 U.S.C. § 6702, the IRS, through the authority delegated to that agency by the Secretary, is authorized to assess and collect penalties against a taxpayer who files a frivolous income tax return." *Gass v. United States*, No. 99–B–930, 2000 WL 1204575, at *2 (D. Colo. Mar. 28, 2000); *cf. Ryskamp v. Comm'r*, No. 14–1042, 2015 WL 4772534, at *6 (D.C. Cir. Aug. 14, 2015) ("[T]he Code grants the IRS authority to impose civil penalties on taxpayers who submit frivolous requests and contemplates judicial review of those penalties." (citations omitted)). Section 6702 provides the following, in pertinent part:

> A person shall pay a penalty of $5,000 if--
>
> (1) Such person files what purports to be a return of a tax imposed by [Title 26] but which--
>
>   (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>
>   (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
>
> (2) the conduct referred to in paragraph (1)--
>
>   (A) is based on a position which the Secretary has identified as frivolous . . . , or
>
>   (B) reflects a desire to delay or impede the administration of Federal tax laws.

---

[6] The Court notes that, in the PF&R, the Magistrate Judge discusses the parties' positions regarding the multiple Section 6702 penalties, but does not provide a formal finding on this issue. (*See* ECF No. 13 at 10–11.) Nonetheless, the Magistrate Judge recommends denying the Motion, in its entirety, including Defendant's arguments regarding the Section 6702 penalties. (*Id.* at 11.)

26 U.S.C. § 6702(a).[7] "In any proceeding involving the issue of whether or not any person is liable for a penalty under section . . . 6702, the burden of proof with respect to such issue shall be on the Secretary." *Id.* § 6703(a).

Defendant argues that "the IRS may only assess one civil penalty [under Section 6702] on each person who files a frivolous return in any given year." (ECF No. 7 at 6 (citation omitted).) The Court finds that the plain language of Section 6702 forecloses Defendant's argument. Section 6702 provides for a penalty if a "person files what purports to be a return." 26 U.S.C. § 6702(a). Courts have interpreted this language as meaning that the basis for the Section 6702 penalty attaches upon the filing of a frivolous return. *See, e.g.*, *In re Roberts*, 906 F.2d 1440, 1444 n.6 (10th Cir. 1990) (noting that Section 6702 provides for a penalty "per return"); *Ganz v. United States*, No. 85 C 04819, 1985 WL 3618, at *4 (N.D. Ill. Oct. 31, 1985) ("[T]he imposition of a § 6702 penalty against an original return for one [calendar] year does not preclude the imposition of a second § 6702 penalty assessed against the second amended return for that same year."). The Court agrees with this interpretation of the plain language of Section 6702 and finds that if an individual files multiple frivolous tax returns for the same calendar year, they may be assessed a penalty for each frivolous return under Section 6702. *Cf. Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (analyzing a statute in the Tax Code and noting that "[t]he general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language (the Plain Meaning Rule)" (citations omitted)).

---

[7] The Court notes that the current language of Section 6702 became effective on December 20, 2006. *See* 26 U.S.C. § 6702 (providing an effective date of December 20, 2006). Prior to this date, Section 6702 provided "a penalty of $500" if an "individual files what purports to be a" frivolous tax return. Act effective September 3, 1982, sec. 326, 96 Stat. 324 (current version at 26 U.S.C. § 6702).

14

In this case, the Complaint alleges that Defendant owes two penalties pursuant to Section 6702 for each of the calendar years 2004, 2005, and 2007. (*See* ECF No. 1 ¶ 6.) This allegation is permissible under Section 6702. Of course, Plaintiff bears the burden of proving that Defendant is liable for each of these penalties. 26 U.S.C. § 6703(a). However, that is not a question presently before the Court at the motion to dismiss stage.

Accordingly, the Court **OVERRULES** the Objections, insofar as Defendant argues that the Complaint includes impermissible allegations of multiple Section 6702 penalties for the same calendar year.

### IV. *Conclusion*

For the reasons provided above, the Court **OVERRULES** the Objections, (ECF No. 16), **ADOPTS** the PF&R, (ECF No. 13), to the extent it is consistent with this Memorandum Opinion and Order, and **DENIES** the Motion, (ECF No. 6).[8] The Court **RE-REFERS** this case to United

---

[8] On July 7, 2015, Defendant filed a Motion for Sanctions against Plaintiff, in which he asserts that sanctions are appropriate under Federal Rule of Civil Procedure 11 due to Plaintiff's action in filing the Complaint and statements Plaintiff made in the briefing regarding the Motion and the PF&R. (ECF No. 22.) "Federal Rule of Civil Procedure 11(b) provides that in making a submission to the court, a lawyer certifies, inter alia, that the submission is not being presented for an improper purpose and that the legal contentions therein are warranted by existing law or by nonfrivolous argument." *Liberty Ins. Underwriters, Inc. v. Camden Clark Mem'l Hosp. Corp.*, Civil Action No. 6:08–cv–01219, 2009 WL 4825199, at *9 (S.D. W. Va. Dec. 8, 2009). Rule 11(c), in turn, "provides that if a court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.*

The Court finds that Defendant's Motion for Sanctions is wholly without merit. As noted above, the Court denies Defendant's Motion to Dismiss. Further, there is no evidence in the record that Plaintiff brought this suit―or made arguments in its briefing―for an improper purpose or otherwise acted in an impermissible manner. As such, the Court **DENIES** Defendant's Motion for Sanctions. (ECF No. 22.)

The Court strongly cautions Defendant that he too must abide by the requirements of Federal Rule of Civil Procedure 11 and should remain mindful of the filings that rule proscribes. *See, e.g.*, Fed. R. Civ. P. 11(b) ("By presenting to the court a . . . written motion [] or other paper . . . an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." (emphasis added)); *Field v. GMAC LLC*, Civil Action No. 2:08cv294, 2009 WL 6560222, at *2 (E.D. Va. Jan. 30, 2009) ("Rule 11 applies both to *pro se* parties and parties represented by counsel." (citation omitted)).

States Magistrate Judge Dwane L. Tinsley for further pretrial management and submission of proposed findings of fact and recommendations for disposition.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    September 30, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE